Johnson, J.
 

 The question as to the dismissal Of the writ of error, and the question upon the bill of exceptions, relating to the charge of the judge, that if the killing was produced by the defendant with an intention to kill, though that intention was formed at the instant of striking the fatal blow, it was murder, and that the jury might, infer such intention from the circumstances of the case, and among other things, from the nature of the weapons used and the wounds given by it, have already been disposed of in the case of the
 
 People
 
 v.
 
 Clark
 
 (ante 385).
 

 There are some other questions in the case, but they are so obviously against the prisoner, that, except in a capital case, it would be scarcely requisite to notice them in detail. The defendant’s counsel requested the court to charge the jury, that if they believed, that Smith returned up-stairs to renew the fight, and Sullivan believed, that he intended to do him great bodily injury, he had a right to defend himself even unto death, and it is not murder. This the court properly refused to charge, for, if Sullivan believed himself about to be attacked, as supposed by the request, his duty was to
 
 *399
 
 avoid the attack, if in his power to do so, and the right to defend himself would not arise, until he had done everything in his power to avoid the necessity of defending himself.
 
 [1]
 

 The court was further requested to charge the jury, that if they believed the prisoner, in the heat of passion, caused the death of the deceased, it is not murder. This ■was properly refused; the designed killing of another without provocation, and not in sudden combat, is certainly none the less murder, because the perpetrator of the crime is in a state of passion.
 

 *The court was also requested to charge, that ^ if the jury believed, that Smith having had the *- fight with Sullivan, and by his conduct and blows aroused and excited the passions of the prisoner, and then returned, thereby keeping up the excited passions of the prisoner, and under such excitement the prisoner stabbed the deceased, it is not murder. This request was erroneous, and was properly rejected. Where, after mutual combat, a question arises whether there has been time for excited passions to subside, the question always takes this form: whether there had been sufficient time to cool ? and not, whether, in point of fact, the defendant did remain in a state of anger ? The request presented simply the question whether the defendant continued in anger up to the time of killing.
 

 After the several requests which have been noticed, the court charged the jury upon the matters to which they related, as follows: If they believe, that Smith returned up-stairs with intention to renew the fight, and that Sullivan had a reasonable ground, under the evidence, to believe that Smith designed to do him some great personal injury, and there was imminent danger of such design being accomplished, then it was not murder. It was contended on the argument, that this charge required the jury to find whether imminent
 
 *400
 
 danger actually existed, and not merely whether Sulli van had reasonable ground to believe that it existed If this construction of the charge was correct, the case of
 
 Shorter
 
 v.
 
 People
 
 (2 N. Y. 197) would show it to be erroneous; but we do not so understand the charge. As we read it, the jury were told, that if Sullivan had reasonable ground to believe, both that Smith designed to do him some great bodily injury, and that there was imminent danger of the accomplishment of such design, it was not murder; this was the proper mode of submitting the question.
 

 The judgment of the supreme court is erroneous, and must be reversed, and there must be judgment as in the case against Clark.
 

 Judgment reversed.
 

 [1]
 

 See Commonwealth
 
 v.
 
 Drum, 58 Penn. St. 9.