■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD J. CHILDS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered January 31, 1963 after a jury trial, convicting him of manslaughter in the first degree, and imposing sentence. Judgment reversed on the law and the facts and a new trial granted. The defendant was charged with shooting and killing one Moore. It appears that a barbecue was being held in the backyard of a house in which the defendant occupied one of several apartments on the third or top floor. Defendant and Moore engaged in a fist fight. Upon intervention of bystanders, defendant left the barbecue and thereafter appeared with a shotgun on the back porch of the top floor. Moore advanced from the barbecue table to an outer stairway leading to the second and third floors which he ascended toward the defendant, who thereupon shot and killed Moore as the latter approached. Although the court correctly charged the jury as to the burden of proof resting upon the prosecution even with respect to the defense of justification (Penal Law, § 1055), the court in effect also gave the contradictory instruction that self-defense, or some aspects thereof, had to be proved by defendant to the satisfaction of the jury beyond a reasonable doubt. This constituted reversible

error (cf. *People* v. *Lopez,* 238 App. Div. 619). It was also error to charge the jury that, should they find that the pointing of the gun by defendant was sufficient to provoke Moore (the decedent) into ascending the stairs toward defendant, the jury could find that defendant could not be heard to justify himself for firing the gun. Under the undisputed testimony adduced at the trial, the conduct of Moore in ascending the stairs was not an act of self-protection from the gun held by defendant; it was an act of aggression. In any event, provocation in the form of possession of a gun could not in itself serve to strip defendant of his claim of justification, whatever the other attendant circumstances. Not only do we regard as correct the charge with respect to the duty of the defendant to retreat, but we also deem it to be more favorable to the defendant than the charge to which he was entitled. It was charged that, if the jury found that the porch was part of his home, the defendant was under no duty to retreat. The apartments on the floor led to a common hallway which, in turn, opened onto the back porch. The latter was not part of the defendant's home as a matter of law (cf. *People* v. *Tomlins,* 213 N. Y. 240, 244; *People* v. *Sullivan,* 7 N. Y. 396). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.