■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM DE GINA, Appellant.— Appeal from a judgment of the County Court of Broome County, rendered April 26, 1973, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree. On July 19, 1972 two men entered two stores in Binghamton, New York, and stole several checks and deposit slips. On the same day, with the aid of the stolen instruments, one of the men unsuccessfully attempted to obtain money from three branches of the First City National Bank by tendering forged checks. Defendant was subsequently arrested and, after trial, convicted of criminal possession of a forged instrument in the second degree. On this appeal he raises several issues urging reversal. With respect to his contentions that the trial court erred in its charge as to reasonable doubt and that the District Attorney's summation exceeded the bounds of fair comment, these issues were not preserved for appeal since no exception was taken, nor was any protest of error made. (*People* v. *Malcolm*, 35 A D 2d 1037; *People* v. *Harvey*, 34 A D 2d 857, 858; CPL 470.05.) Defendant also contends that the search and seizure of the automobile allegedly used by him in the commission of the crime violated his Fourth and Fourteenth Amendment rights. As to this contention, the record reveals that several witnesses described the automobile used by the individual who was attempting to pass forged instruments, as a blue Volkswagen with a white convertible top and with a dent in the rear quarter panel. A parking lot attendant at one of the banks saw one of the tellers arguing with the occupant of the Volkswagen and noted the license number. This plate number

had been issued to the wife of defendant. Her car was a blue Volkswagen with a white convertible top and also had a dent in the rear quarter panel. Defendant and his wife lived at Tarrytown, New York. The State Police at Hawthorne, after receiving a phone call from the Johnson City Police, went to defendant's home, talked to his wife and learned that he was not there. The officers had no warrant. They knew, however, of defendant's prior involvement in unlawful transactions involving checks. They saw the vehicle in the garage and were making arrangements to have it towed away when they received phone calls from defendant and his attorney. It was thereafter agreed, according to the officer's testimony, that the defendant and the car would be subsequently surrendered voluntarily. While on the premises, the police searched the car and found a book of matches from a Binghamton restaurant. At a suppression hearing, the arresting officer testified that defendant told him he was never in Binghamton. While a warrant is ordinarily a prerequisite to a reasonable search and seizure (*Coolidge* v. *New Hampshire,* 403 U. S. 443), it has long been recognized that the danger of flight justifies, under some circumstances, search of an automobile without a warrant. (*Carroll* v. *United States,* 267 U. S. 132.) Since defendant was still at large at the time of this search, there was justification for failure to obtain a warrant. Furthermore, defendant did not turn himself and the car in as his attorney agreed he would do. Instead, the car had been removed to a garage some three miles from defendant's home where defendant was later found and arrested. In our view, under these circumstances, there was reasonable cause to believe the vehicle had been used as an instrument in the commission of a crime, and its search and seizure without a warrant was justified. (*Chambers* v. *Maroney,* 399 U. S. 42.) On this record, the motion to suppress was properly denied. Defendant further contends that since one of the witnesses had seen two photographs of defendant among a total of six photographs prior to an improper line-up identification in which defendant was the only one being restrained, she should not have been permitted to give in-court evidence of identity. The record establishes that this witness spent about five minutes in close proximity to defendant and paid particular attention to his conversation, the way he was dressed and his appearance. She also observed the blue and white Volkswagon. Under these circumstances, the in-court identification was proper. We have examined the other issues raised by the defendant and do not find them persuasive. Judgment affirmed. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.