Memorandum. The order of the Appellate Division should be affirmed.
On July 19, 1972 a man driving a blue Volkswagen convertible, with a white top and a dent in the right rear panel, attempted to pass forged checks at two banks in the Binghamton area. Several tellers at the "drive up” windows were able to describe the man and the car he was driving. At one bank the man had an argument with the teller and a nearby parking lot attendant recorded the license plate number of the car. As the car exited he noted that there was a different license on the rear and he recorded that number as well. One of the plates had been reported stolen. The other was regis *99 tered to a blue Volkswagen belonging to the defendant’s wife who resided in Westchester County.
This information was relayed to the State Police in Westchester who, arriving at the residence on Friday, July 21, 1972, found that the defendant was not home but the car was in the garage. They informed the defendant’s wife that they would have to seize the vehicle. Preparing to impound the car the police removed the contents and in the process found a matchbook from a Binghamton restaurant. While still on the premises the officers received phone calls from the defendant who told them not to remove the car and then from the defendant’s attorney who consented to surrender the car on Monday morning.
Seeing the car at a repair shop on Monday morning the police seized it and arrested the defendant. Photographs were taken of the two different license plates affixed to the vehicle, and of the dent in the rear panel.
The defendant’s motion to suppress the vehicle and the matchbook was denied. Following a jury trial he was convicted, as charged of two counts of criminal possession of a forged instrument (Penal Law, § 170.25).
Since the vehicle belonged to the defendant’s wife there is some question as to whether he has standing to challenge the search and seizure. That however is not necessary to the resolution of this appeal.
In our view the defendant consented to surrender the vehicle on Monday morning, as indicated, and has no cause to complain of the photographs subsequently taken showing the license plates and the dent. With regard to the matchbook previously seized and later admitted in evidence at the trial, we find no basis for reversal. Even assuming, as the defendant urges, that the seizure was illegal, admission of the matchbook would unquestionably be harmless in view of all the other evidence placing the vehicle at the scene of the crimes.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.