OPINION OF THE COURT
William D. Friedmann, J.
DECISION ON REQUEST TO CHARGE NECESSITY OF RETREAT
Defendant, having raised the issue of self-defense, requested a “Defense of Justification” charge, under Penal Law § 35.15 (use •of physical force in defense of a person). The People requested that the restrictive retreat provision of Penal Law § 35.15 (2) (a) (i) also be charged.
These requests, therefore, placed in prospective whether an invited social guest situated in an apartment “dwelling” is under a duty to retreat, in lieu of using deadly physical force, in his own self-defense.
RELEVANT FACTS
The facts relevant to this request are: Defendant was an invited social guest in the apartment of his girlfriend. He had visiting with him his niece and nephew, both minors. The girlfriend was at home with her minor son. Complainant, a former boyfriend, knocked vigorously on the apartment door (he lived in the same building, on a different floor). Complainant had previously threatened defendant and defendant knew that complainant was on probation for involuntary manslaughter in the State of Pennsylvania. During the door knocking, complainant directed oral abuse at defendant. Defendant went to the *220 door, and attempted to reason with complainant. When the knocking subsided, defendant opened the door. The girlfriend and complainant went down the common apartment hallway and talked. Defendant got a kitchen knife. When the girlfriend’s minor son went in to the outside common hallway, defendant went after him. Complainant then came back to the hallway area in front of the opened apartment door where defendant was standing. Amid further oral abuse from complainant, complainant lunged at defendant. A scuffle ensued, during which defendant stabbed complainant.*
LEGAL DUTY TO RETREAT
As a prerequisite to determining defendant’s duty, if any, as a “social guest” to retreat into his girlfriend’s apartment (only practical avenue of escape), before using deadly force in repelling an attack upon himself, requires a brief review of the doctrine of retreat, within the general rules of self-defense (see, Beale, Retreat from a Murderous Assault, 16 Harv L Rev 567 [1903]; Self-Defense-Retreat From, Ann., 41 ALR3d 584; Homicide: Duty to Retreat When Not on One’s Own Premises, Ann., 18 ALR 1279; Homicide: Duty To Retreat Where Assailant Is Social Guest on Premises, Ann., 100 ALR3d 532).
Concisely stated, the English common law required that before a person had the right to use deadly physical force (to kill) in his own self-defense, he was under an obligation to flee. Between conflicting duties, the duty to flee, and the right to kill, the attacked person had to flee, if possible. Stated in a different way, the person assaulted must first, if practical, “retreat to the wall.” In other words, the person attacked was not justified in taking the life of his assailant if, without increasing the danger to himself, he could avoid the confrontation by retreating (see, 40 Am Jim 2d, Homicide, §§ 162,163; 2 Wharton, Criminal Law § 126 [14th ed]).
The most accepted common-law exception to the above general rule relied upon the so-called “castle doctrine.” Echoing the words of Sir Edward Coke in Institutes III (1628-1644), “A man’s house is his castle,” a widely utilized exception developed which permitted a person, who is without fault, and who is attacked *221 within his dwelling, or its curtilage (courtyard or outer perimeter), to stand his ground, and defend himself, even if a retreat could be safely accomplished (40 Am Jur 2d, Homicide, §§ 167, 169; Restatement [Second] of Torts § 65). However, another more enlightened view developed that departed farther from the common-law general rule of “retreat to the wall.” Such view is now the majority view in the United States. It held that when a person is attacked, who is without fault, and he is in a place where he has a right to be, whether on his own premises or elsewhere, he may stand his ground, and meet force with force, and if necessary use deadly physical force, without the traditional common-law duty of retreating to the wall (see, 40 Am Jur 2d, Homicide, § 164; Beard v United States, 158 US 550 [1895]).
Throughout the years, courts have employed various standards and reached divergent conclusions in stating under what circumstances an obligation to retreat arises. Courts have differentiated between the various types of premises involved — place of business versus dwelling and considered numerous other variations dictated by the mores and customs then in vogue. They have also relied upon an analysis of the legal or illegal character of a premises, etc. (Homicide: Extent of Premises Which May be Defended Without Retreat Under Right of Self-Defense, Ann., 52 ALR2d 1458-1465).
As in other jurisdictions, New York State has, by statute, codified the availability of “self-defense” (Penal Law art 35 [defense of justification]) and the duty of one seeking to rely on it to retreat. Penal Law § 35.15 (2) (a), relative to retreat, provides that a defendant is justified in using deadly physical force when he reasonably believes such use is necessary to defend himself against the offensive use of deadly physical force by another, but the statute specifically provides that even if a person is justified in so reasonably believing he may not use defensive deadly physical force if he knows that he can, with complete safety as to himself (and others), avoid the necessity for so doing by retreating.
Penal Law § 35.15 (2) (a), in relevant part, provides, in clause (i), that there is no duty to retreat if the defendant was “in his [own] dwelling and not the initial aggressor”.
The term “dwelling” is not defined in connection with this defense. Its only definition is found in Penal Law § 140.00 (3) (also referred to in Penal Law § 35.20 [4] [a]). That sole definition is related to the defense of property or habitation as distinguished from the defense of the person as covered in Penal Law § 35.15 (2) (a) (i).
*222 There is, in addition, limited case authority construing “dwelling” as limiting the statutory duty to retreat. It has, however, been held to include the hallway of a brownstone to which access was limited to residents of the various apartments and their guests (People v McCurdy, 86 AD2d 493 [2d Dept 1982]; cf. People v Childs, 21 AD2d 809 [2d Dept 1964], and cases cited in 52 ALR2d 1458-1465), but would seem not to extend to business premises (see, Self-Defense-Retreat From, Ann., 41 ALR3d 584).
CONCLUSIONS
A narrow interpretation of the words “in his dwelling”, limiting it to permanent or temporary residents of a household or dwelling premises, seems to this court to be unduly restrictive, when applied to the defense of the person. It would saddle nonresident family members, household employees, baby-sitters, social guests and others, who have a right to be in a dwelling with an obligation to retreat before defending themselves with deadly and unreasonable physical force. Such a result seems unreasonable. The better interpretation would be to limit same to those having a right to be in the dwelling. This court cannot believe that the Legislature meant to revert back to the “castle doctrine” exception, and ignore the realities of modern-day living mores and customs, expressed in more enlightened judicial interpretations, which seem to represent the majority view that one who is assaulted in a place where he has a right to be is under no duty to retreat.
Accordingly, the People’s request to charge “retreat” as a condition upon defendant’s defense of justification is denied as a matter of law.
Defendant was an invited social guest who had the right to be in the apartment doorway of his girlfriend’s apartment. With his girlfriend outside the apartment in the common hallway, and with her minor son having also strayed outside into the common hallway, the defendant was under no duty when attacked by the complainant to retreat into the apartment. Under the circumstances of the encounter, he had a justifiable right to stand his ground and meet force with force, in the defense of his own well-being.
It should be noted that the refusal of a court in the exercise of sound discretion to charge “retreat” can never be reversible error since the omission is favorable to defendant (1 NY CJI853 [1983]).
*223 As a postscript, defendant was acquitted by the jury of all charges, including the lesser included charge. Obviously the complainant’s behavior did not impress the jury while defendant did justify his self-defensive reaction.

 Defendant was charged in a three-count indictment with attempted murder in the second degree (Penal Law § 125.25 [1]), assault in the first degree (Penal Law § 120.10) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). The indictment was supplemented at trial by the lesser included charge of assault in the second degree (Penal Law § 120.05 [2]).