■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE SHAW, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered November 21, 1979, convicting him of murder in the second degree (six counts) and arson in the third degree, upon a jury verdict, and sentencing him to three consecutive indeterminate prison terms of 25 years to life to run concurrently with

three other indeterminate terms of imprisonment of 25 years to life and a term of imprisonment of 7½ to 15 years.

Judgment affirmed.

Defendant's conviction of the crimes of murder and arson arose out of an incident which occurred at the Bus Stop Inn on Staten Island, during the early morning hours of December 25, 1978.

At trial, the People produced several witnesses who implicated defendant in the crimes charged. The People also produced a witness who testified, *inter alia,* that defendant asked him to provide defendant with a false alibi, i.e., that defendant had spent the night, including the early morning hours of December 26, 1978, at his codefendant's apartment.

In his own behalf, defendant testified that at the time of the crime he was asleep in his codefendant's apartment, which was also located in Staten Island.

On the instant appeal, defendant argues that the trial court committed prejudicial error when it failed to specifically instruct the jury "on how to evaluate [defendant's] alibi testimony".

We disagree.

Preliminarily, it should be noted that at a precharge conference involving the court and the defense attorneys, no request was made for a specific reference in the charge respecting defendant's alibi testimony. Indeed, in its precharge conference, the court advised defense counsel that it would give a "false alibi" charge and no objection was raised. In its charge on this issue, to which no exception was taken, the trial court correctly instructed the jury as follows:

"The People have introduced into evidence during the course of this trial evidence that * * * Defendant Shaw asked Thomas Bannon to provide a false alibi * * *

"The People allege that this conduct shows a consciousness of guilt on the part of [the] defendant. The weight and value of this testimony is for you to consider along with all the other testimony in this case.

"I charge you that in any criminal case the conduct of the accused indicative of a guilty mind is admissible against him on the theory that an inference of guilt may be drawn from conduct which shows a consciousness of guilt.

"The law is clear, however, that this type of evidence is of a weak type when unsupported by other proof of a truly substantial character; that is, it is of slight value, and none whatever, unless there are facts pointing to the motive which prompted it.

"This is so, for an innocent man, when placed by circumstances in a condition of suspicion and danger, may resort to deception in the hope of avoiding the force of such proof. While, therefore, evidence showing consciousness of guilt may be used to strengthen other and more tangible evidence of guilt, it is not alone sufficient to sustain a conviction".

Since no objection was taken to the court's charge, and the charge was, under all of the circumstances, correct in any event, defendant's argument in this regard must be rejected (CPL 470.05 [2]; *People v De Gina*, 46 AD2d 925; *cf. People v Bruno*, 77 AD2d 922).

Defendant also argues that reversible error was committed by the prosecutor's prejudicial remarks during summation. Specifically, the prosecutor remarked during summation that defense counsel had acted in desperation and stated, *inter alia*, "[I]f the People's witnesses were going to lie they would have done one hell of a better job * * * they could have lied a lot better." It should be noted that defense counsel did not object to these remarks and the issue has not been preserved, as a matter of law, for appellate review (CPL 470.05 [2]; *People v De Gina, supra*). Moreover, review in the interest of justice is not warranted in this case in light of the overwhelming evidence of defendant's guilt and the trial court's repeated instruction to the jury that the People always have the burden of proving defendant's guilt beyond a reasonable doubt (*cf. People v Mims*, 59 AD2d 769).

We have also reviewed defendant's argument that his sentence was excessive and find it to be, under all of the circumstances, without merit (*People v Suitte*, 90 AD2d 80).

Finally, we have reviewed the remaining arguments raised by defendant, including those raised in his *pro se* supplemental brief, and find them to be without merit. Mangano, J. P., Gibbons, Niehoff and Lawrence, JJ., concur.