■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAAS, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered May 5, 1983, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Defendant was indicted and charged with second degree murder based on the shooting death of Thomas Sharrow. He received a jury trial at which he presented a defense of justification. Defendant and the victim were acquaintances and were out drinking together on the evening of January 26, 1983. At some point, the victim became intoxicated and upset. Defendant drove the victim to the home of a friend, Joan Maslowski. The victim became very abusive and argumentative toward defendant, Maslowski and Maslowski's brother, who was also at her home. Defendant testified that he decided to call the police, but was prevented from doing so by the victim. He decided to leave and call the police from his home. On his way home, defendant decided not to call the police, but to return to Maslowski's house with his shotgun. Upon his return, he encountered the victim. Defendant testified that the victim came at him claiming that he had a knife. Defendant testified that he attempted to fire a warning shot. However, the slug struck the victim in the chest, killing him. The jury found defendant guilty of second degree manslaughter and he was sentenced to an indeterminate term of imprisonment of 5 to 15 years. This appeal ensued.

Initially, defendant contends that the jury charge on the issue of justification improperly indicated that the defense turns on an objective standard of reasonableness and not a subjective standard. Since defendant failed to object to the charge or in any way draw this alleged error to County Court's attention at a time when it might have been corrected, the issue has not been preserved for our review *(see, People v Whalen,* 59 NY2d 273; *People v De Gina,* 46 AD2d 925, *affd* 39 NY2d 96). Further, even if the issue was properly preserved, defendant's contention is without merit *(see, People v Goetz,* 68 NY2d 96; *People v Astle,* 117 AD2d 382).

Defendant also contends that County Court erred in refus-

ing to admit evidence of the victim's belligerent nature. Upon review of the record, it is clear that evidence of the victim's nature was introduced on a number of occasions and the jury was aware of this evidence. The only time such evidence was disallowed was at one point in the trial when, based on the line of questioning being pursued, it was not relevant.

Finally, we reject defendant's contention that the sentence, which was within the statutory parameters, was harsh and excessive.

Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.