■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL BARCENA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin, J.), rendered May 15, 1984, convicting him of manslaughter in the first degree and promoting prison contraband in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to dismiss the indictment in the interest of justice on the ground that the State had obstructed his constitutional right to prepare a defense.

Ordered that the judgment is affirmed.

The court's charge did not in any way suggest that the mere fact that the defendant was armed and the victim was unarmed implied that the defendant was the initial aggressor *(cf., People v Childs,* 21 AD2d 809, 810). To the contrary, the court fully and accurately instructed the jury on the law pertaining to the defense of justification put forth by the defendant, including the issue of whether or not he was the initial aggressor. The court's refusal to use the specific language requested by the defendant did not render the charge improper *(see, People v Dory,* 59 NY2d 121, 129; *People v Dengler,* 109 AD2d 847).

The defendant did not object to the portion of the court's charge on the defense of justification regarding the duty to retreat. As a result, his present contention that giving that portion of the charge was improper has not been preserved for appellate review *(see, People v Harrell,* 59 NY2d 620, 622; *People v Mayas,* 126 AD2d 574). In any event, the court's

instructions on the duty to retreat were entirely proper since there was evidence on the record which could rationally support a finding that the defendant could have safely retreated, and the fact that this incident occurred in a common area of the prison in which the defendant was incarcerated did not present the statutory exemption to the duty to retreat for incidents which occur inside one's dwelling *(see,* Penal Law § 35.15 [2] [a] [i]).

The defendant had a full and fair opportunity to prepare his defense, as was demonstrated by the extensive case which he presented at trial, which included testimony by one other inmate eyewitness to the incident, and four prison officials, and which resulted in the defendant obtaining an acquittal on the murder in the second degree charge brought against him. The defendant failed to establish that the State ever actively interfered with his access to witnesses, and it appears that the defendant never sought a court order to allow him access to the Sing Sing Correctional Facility to interview witnesses. In any event, it is clear that the defendant did not suffer any "specific demonstrable prejudice" as a result of alleged prosecutorally impaired access to witnesses, and accordingly, he is not entitled to reversal on this basis *(United States v Pepe,* 747 F2d 632, 654-655; *United States v Clemones,* 577 F2d 1247, 1252, *cert denied sub nom. LeCompte v United States,* 445 US 927).

In addition, while it would have been improper for the State to destroy a list of inmates who were present at this incident *(see, California v Trombetta,* 467 US 479, 488-489), no such list ever existed in the instant case. The defendant's claim that the State had an affirmative duty to ascertain the names of all inmates who were present, and to make such a list, lacks a sound basis.

We have reviewed the defendant's other contentions and find them to be without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.