■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GOPAUL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered September 6, 1988, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's unpreserved contention that because he was excluded from a conference at which the trial court's proposed charge to the jury was discussed, and the defense counsel was also given the opportunity to redact a hospital record admitted into evidence, he was deprived of the

right to be present at a material stage of his trial. The subject matter of the precharge conference did not constitute a material part of the trial requiring the personal presence of the defendant, because it dealt with solely legal issues and the presence of the defense counsel at the conference was sufficient to afford the defendant a fair and just hearing (see, People v Mullen, 44 NY2d 1; People v Morales, 165 AD2d 725; cf., People v Cain, 76 NY2d 119; People v Brooks, 75 NY2d 898, amended 76 NY2d 746; People v Darby, 75 NY2d 449).

The defendant's contention that the charge on justification was incorrect is unpreserved for appellate review (see, CPL 470.05 [2]; People v Thomas, 50 NY2d 467; People v Malave, 114 AD2d 376). In any event, the charge as given was correct. The defendant was not entitled to a charge that he had no duty to retreat if he was found to have been in his dwelling at the time of the shooting, because even if the jury had believed that the defendant shot from the doorway of his house (according to the defendant's witnesses' testimony) and not from the sidewalk (according to the People's witnesses), the shooting, as a matter of law, did not take place inside his home (see, People v Childs, 21 AD2d 809). Furthermore, the court, in charging that a defendant is justified in using deadly physical force in his own defense when it is reasonable to believe that another person is about to use deadly physical force against him and that such deadly physical force is necessary to prevent serious physical injury or death to himself, properly charged that the People need only disprove one of these elements beyond a reasonable doubt to disprove justification.

The defendant's remaining contentions are either unpreserved for appellate review or without merit (see, CPL 470.05 [2]; People v Medina, 53 NY2d 951; People v Farrar, 52 NY2d 302; People v De Gina, 46 AD2d 925, affd 39 NY2d 96; People v Cody, 137 AD2d 610). Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.