■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG GAINES, Appellant. [645 NYS2d 510] —Appeal by defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered June 23, 1993, convicting him of reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly refused to charge, as part of the law on justification, that the defendant did not have a duty to retreat, as the crime took place in his front yard, a place that was not "*in* his dwelling" (Penal Law § 35.15 [2] [a] [i] [emphasis supplied]; *see also, People v Seit,* 86 NY2d 92; *People v Gopaul,* 171 AD2d 754; *People v Childs,* 21 AD2d 809).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HOGAN, Appellant. [644 NYS2d 905] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 21, 1994, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the defense counsel raised a *Batson* challenge during jury selection (*see, Batson v Kentucky,* 476 US 79), he failed to "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection was raised and discussed" (*People v Childress,* 81 NY2d 263, 268; *People v Stokes,* 216 AD2d 337), and thus failed to establish a prima facie "pattern of purposeful exclusion" (*People v Bolling,* 79 NY2d 317, 325).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Griffin,* 161 AD2d 799). Miller, J. P., Ritter, Santucci and Altman, JJ., concur.