THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SOWELL, Appellant. [808 NYS2d 46]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 17, 2003, convicting defendant, after a jury trial, of assault in the second degree (two counts), obstructing governmental administration in the second degree and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of four years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence satisfied the "lawful duty" element of the applicable theory of second-degree assault (Penal Law § 120.05 [3]), the "official function" element of obstructing governmental administration (Penal Law § 195.05) and the "authorized arrest" element of resisting arrest (Penal Law § 205.30). The police accompanied defendant's mother to her apartment for the purpose of serving an order of protection against defendant. When told of the order, defendant responded belligerently and, ignoring an officer's suggestion that he calm down, repeatedly and aggressively sought to push past the officers and confront his mother. This provided probable cause for his arrest, and he violently resisted that lawful arrest, resulting in injuries to officers. Contrary to defendant's argument, the officers' lawful duty did not end with their service of the order, since defendant made clear his immediate intention to violate it, and the officers had a lawful duty to protect defendant's mother from possible harm.

The court properly declined to charge justification, since there was no reasonable view of the evidence warranting such a charge. There is no evidence that defendant believed his use of force was necessary to defend himself against unlawful or excessive police force, or that such a belief was reasonable (see People v Goetz, 68 NY2d 96 [1986]; People v Watts, 57 NY2d 299 [1982]).

Nothing in the court's responses to notes from the deliberat-

ing jury was coercive. To the extent that the court's instruction to the jury to follow the law made brief reference to a particular unnamed juror, this was prompted by the content of the notes, in which the other jurors complained about this juror's behavior (*see People v Lussier*, 298 AD2d 763, 764-765 [2002], *lv denied* 99 NY2d 630 [2003]). The court did not exhort that juror or any other juror to reach a verdict, to accept any particular view of the facts, or to surrender conscientiously held beliefs.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J.P., Nardelli, Catterson, McGuire and Malone, JJ.