■ The People of the State of New York, Respondent, v Terrance Monk, Appellant. [854 NYS2d 784]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered November 15, 2005, convicting him of robbery in the first degree, robbery in the second degree, and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

In his pretrial omnibus motion, the defendant sought, inter alia, to suppress his confession, arguing that it was the fruit of an illegal arrest. We agree that the arrest was unlawful (*see Payton v New York*, 445 US 573, 576 [1980]; *People v Levan*, 62 NY2d 139, 144 [1984]). However, under the circumstances of this case, there was sufficient attenuation between the unlawful arrest and the confession to remove the taint of illegality from

the confession (see People v Rogers, 52 NY2d 527, 533 [1981], cert denied 454 US 898 [1981]; People v Padilla, 28 AD3d 236, 237 [2006]; People v Cooke, 299 AD2d 419, 420 [2002]; People v O'Brien, 178 AD2d 617, 618 [1991]).

The defendant received meaningful representation from defense counsel at every stage of the proceedings (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).

In making its Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]), the court engaged in a proper balancing between the probative value of the prior acts and convictions and the risk of prejudice to the defendant (id.).

As to the admission into evidence of the defendant's false alibi, because this evidence of consciousness of guilt was "supported by other proof of a truly substantial character," it was not unduly prejudicial (People v Hernandez, 118 AD2d 729 [1986] [internal quotation marks and citation omitted]; see People v Benzinger, 36 NY2d 29, 33-34 [1974]; People v Leyra, 1 NY2d 199, 210 [1956]; People v Loliscio, 187 AD2d 172, 176 [1993]; People v Shaw, 111 AD2d 415, 416 [1985]).

The court providently exercised its discretion in denying the defendant's application for the court to recuse itself. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (People v Moreno, 70 NY2d 403, 406 [1987]).

The issues raised in the defendant's supplemental pro se brief do not require reversal. Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur.