■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELTON SMITH, Appellant. [863 NYS2d 242]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered April 4, 2007, convicting him of attempted assault in the first degree, reckless endangerment in the first degree, criminal use of a firearm in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal mischief in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 1, 2006, the defendant came home early from work to find the victim hiding in the closet of the defendant's bedroom while the defendant's girlfriend was lying on their bed. The evidence adduced at trial established that the defendant took a handgun out of his night stand and pointed it at the victim, threatening to kill him if he did not exit the home. The victim left the home and, as he was driving away, the defendant came outside and started firing the gun at the victim from his driveway, the front yard, the sidewalk, and the street. Four bullets struck the victim's vehicle without injuring him.

The defendant argues that the trial court erred in failing to instruct the jury on the defense of justification with respect to

the counts of the indictment charging him with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, criminal mischief in the second degree, and criminal mischief in the fourth degree. The defendant's argument in this regard is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Williams,* 38 AD3d 577, 578 [2007]). In any event, the trial court properly refused to charge the defense of justification with respect to the weapons possession charges (*see People v Pons,* 68 NY2d 264 [1986]; *People v Almodovar,* 62 NY2d 126 [1984]; *People v Johnson,* 30 AD3d 439 [2006]). Moreover, any alleged error with respect to the charges of reckless endangerment and criminal mischief was harmless since the jury, by convicting the defendant of attempted assault in the first degree and two counts of criminal use of a firearm in the second degree, for which the justification charge was given, necessarily rejected the claim that he reasonably believed he was justified in shooting at the victim's vehicle (*see People v Hewitt,* 258 AD2d 597, 598 [1999]; *People v Ellison,* 175 AD2d 846, 847 [1991]).

Contrary to the defendant's contention, the trial court properly refused to charge, as part of the law of justification, that the defendant did not have a duty to retreat, as the shooting took place on his driveway, the front yard, the sidewalk, and the street, places that were not his "dwelling" by virtue of the fact that he did not "exercise[ ] exclusive possession and control over the area[s] in question" (*People v Hernandez,* 98 NY2d 175, 183 [2002]; *see* Penal Law § 35.15 [2] [a] [i]; *People v Gaines,* 229 AD2d 448 [1996]).

Additionally, we find no error in the trial court's refusal to charge that the defendant's possession of the gun was lawful and temporary, since "the evidence [is] utterly at odds with any claim of innocent possession" (*People v Way,* 304 AD2d 844, 845 [2003], quoting *People v Williams,* 50 NY2d 1043 [1980]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.