██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANISHA FLOYD, Appellant. [926 NYS2d 571]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Robbins, J.), rendered May 20, 2009, convicting her of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Carter, J.), after a hearing pursuant to a stipulation in lieu of motions, of the suppression of oral and written statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied her oral application to dismiss the indictment (*see People v Smith*, 54 AD3d 421, 422 [2008]; *People v Gaines*,

229 AD2d 448 [1996]; *People v Bennett*, 212 AD2d 1028 [1995]; *People v Gopaul*, 171 AD2d 754, 755 [1991]).

The police are prohibited from making a warrantless and nonconsensual entry into a suspect's home to make a routine felony arrest (*see Payton v New York*, 445 US 573, 576 [1980]). "Nevertheless, '[c]ourts have long recognized that the Fourth Amendment is not violated every time police enter [ ] private premises without a warrant' " (*People v McBride*, 14 NY3d 440, 445 [2010], *cert denied* 562 US —, 131 S Ct 327 [2010] quoting *People v Molnar*, 98 NY2d 328, 331 [2002]). Here, exigent circumstances existed which justified law enforcement officers' warrantless entry into the defendant's home (*see People v McBride*, 14 NY3d 440 [2010]; *see also People v Desmarat*, 38 AD3d 913 [2007]). Moreover, an innocent person in the defendant's circumstances would have believed that she was free to leave the presence of the police at the time she left for police headquarters (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]), and there is sufficient evidence to support the hearing court's conclusion that the defendant voluntarily accompanied police personnel to police headquarters (*see People v Diaz*, 84 NY2d 839, 840 [1994]; *People v Martin*, 68 AD3d 1015 [2009]). Thus, the hearing court properly declined to suppress oral and written statements made by the defendant to law enforcement officials.

The defendant's challenge to the legal sufficiency of the evidence supporting her conviction of manslaughter in the second degree is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]) and, in any event, is without merit (*see generally People v Contes*, 60 NY2d 620 [1983]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of manslaughter in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the trial court erred in its charge on justification is unpreserved for appellate review (*see* CPL 470.05 [2]; *see also People v Fowle*, 60 AD3d 691 [2009]). In any event, the jury was properly instructed on the definition of the term "dwelling" for purposes of Penal Law § 35.15 (*see People v Hernandez*, 98 NY2d 175 [2002]; CJI2d [NY] Penal Law § 35.15).

The defendant received the effective assistance of counsel under both the state and federal standards (*see Strickland v Washington*, 466 US 668 [1984]; *People v Lane*, 60 NY2d 748, 750 [1983]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Illescas*, 47 AD3d 840, 841 [2008]).

The defendant's remaining contention is without merit. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.