People v Webb (2020 NY Slip Op 51499(U))

[*1]

People v Webb (Kenji)

2020 NY Slip Op 51499(U) [70 Misc 3d 127(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2017-825 Q CR

The People of the State of New York,
Respondent,
against
Kenji Webb, Appellant. 

New York City Legal Aid Society (Robin Richardson of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick
Talcott and Mariana Zelig of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Gia L. Morris, J.), rendered March 27, 2017. The judgment convicted defendant, upon a jury
verdict, of obstructing governmental administration in the second degree, resisting arrest and
disorderly conduct, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, following a jury trial, of obstructing governmental administration
in the second degree (Penal Law § 195.05), resisting arrest (Penal Law § 205.30) and
disorderly conduct (Penal Law § 240.20 [1]). On appeal, defendant argues that the count of
the accusatory instrument charging him with disorderly conduct was facially insufficient and that
he was entitled to a justification charge with respect to the charges of obstructing governmental
administration in the second degree and resisting arrest.
Contrary to defendant's contention, the accusatory instrument contained factual allegations
establishing all of the elements of the charge of disorderly conduct (Penal Law § 240.20
[1]), including the "public dimension" element, in that the information indicated that, on a
"public roadway," defendant was "yelling, cursing and spitting" at police officers and head-butted
one police officer in the mouth, "causing pedestrians to remove their cell phones and record
video," and "caus[ing] public annoyance and alarm" (see People v Weaver, 16 NY3d 123, 128 [*2][2011]; People v Villegas, 54 Misc 3d 137[A], 2017 NY Slip Op 50134[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Rubackin, 49 Misc 3d 132[A], 2015 NY Slip Op
51437[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Cox, 44 Misc 3d 134[A],
2014 NY Slip Op 51162[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). The
information contained factual allegations from which defendant's intent to cause public
inconvenience, annoyance or alarm, or recklessly creating a risk thereof, could "be readily
inferred" (People v Baker, 20 NY3d
354, 360 [2013]; see People v
Villegas, 54 Misc 3d 137[A], 2017 NY Slip Op 50134[U]; People v Rubackin, 49 Misc 3d
132[A], 2015 NY Slip Op 51437[U]; People v Cox, 44 Misc 3d 134[A], 2014 NY Slip Op
51162[U]).
Although defendant's contention that the court erred in failing to instruct the jury on the
defense of justification with respect to resisting arrest is preserved for appellate review, his
argument in regard to obstructing governmental administration is unpreserved (see CPL
470.05 [2]; People v Smith, 54
AD3d 421, 422 [2008]). In any event, the court properly refused to charge the defense of
justification as to both charges, as no reasonable view of the evidence would support a finding of
justification (see People v Valery,
135 AD3d 975, 975 [2016]; People
v Sowell, 25 AD3d 386, 387 [2006]; see also Penal Law § 35.27;
People v Sanza, 37 AD2d 632 [1971]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020