■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAMERON CINTRON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered June 1, 1982, convicting him of robbery in the second degree (two counts), assault in the second degree, and possession of stolen property in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed shall run concurrently. As so modified, judgment affirmed.

A review of the record clearly shows that the police seizure of the defendant and the prompt showup that followed did not violate his rights. Although there were two distinct crimes committed, we find that under the circumstances the sentences imposed should run concurrently. Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COVINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Plumadore, J.), rendered April 23, 1985, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The defendant cannot now litigate the substantive issues raised in his pretrial motion papers after having waived his right to appeal from the determinations made upon his omnibus motion and having withdrawn all motions as a condition of his plea (see, People v Colarusso, 103 AD2d 848; People v Pescatore, 102 AD2d 834). Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered May 7, 1981, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.