OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*983 Defendant was arrested in his home November 18, 1980 and charged with two counts of assault, first degree, in connection with the shooting of Thelma Barnes. The arrest was made upon probable cause but without a warrant and thus was illegal under the subsequent decision of the United States Supreme Court in Payton v New York (445 US 573). After the arrest, defendant was placed in a police vehicle, given Miranda warnings and taken to police headquarters where he remained alone for two hours before being questioned by the police. After he had been questioned for approximately an hour, defendant made a statement admitting that he had shot the victim but claiming the shooting was accidental. A written statement was later prepared by the police and signed by him.
Defendant moved to suppress his postarrest statements. The hearing court denied the motion, holding that the arrest was lawful although made without a warrant because Payton was not to be applied retroactively and, alternatively, that even if the arrest was unlawful the illegality had been attenuated by subsequent events. Defendant was tried and convicted as charged. Upon appeal, the Appellate Division noted that subsequent to the hearing court’s decision the Supreme Court decided that Payton was to be applied retroactively (see, United States v Johnson, 457 US 537). It nevertheless affirmed the hearing court’s order denying suppression, agreeing with the court’s finding of attenuation.
When a defendant challenges the admission of statements he has made, claiming they are the product of an illegal arrest, the burden rests on the People to demonstrate that the statements were acquired by means sufficiently distinguishable from the arrest to be purged of the illegality. That determination requires consideration of the temporal proximity of the arrest and the confession, the presence of intervening circumstances and, particularly, the purpose and flagrancy of the official misconduct (People v Johnson, 66 NY2d 398, 407; People v McGrath, 46 NY2d 12, 28-29; Rawlings v Kentucky, 448 US 98, 108; Brown v Illinois, 422 US 590, 603-604). The postarrest administration of Miranda warnings by the police is an important but not a conclusive factor in determining whether the confession was obtained by exploitation of the illegal arrest (Brown v Illinois, supra, p 603).
The hearing court in this case made extensive findings. It noted particularly: that defendant was promptly and fully *984 advised of his Miranda rights at least twice before questioning began and that he waived his rights; that defendant was alone for at least two hours after the arrest in an interview room before questioning started; that when the police subsequently did question defendant the questioning continued intermittently for about an hour before defendant made the challenged statements which were in part exculpatory; and that the conduct of the police at the time of the arrest and throughout the time defendant was in custody was proper. From these facts, and noting that defendant’s warrantless arrest was legal when made, the court concluded that the statement of defendant was an act of free will and could not have been caused by the fact that the arrest became illegal because of a subsequent decision of the Supreme Court (see, People v Graham, 90 AD2d 198, 202, lv denied 59 NY2d 766, cert denied 464 US 896, reh denied 464 US 1005).
Whether defendant’s statements were the fruit of the illegal arrest presented a mixed question of law and fact and inasmuch as the finding of attenuation made by the courts below has support in the record, the matter is beyond our power to review (People v King, 61 NY2d 969; People v Harrison, 57 NY2d 470).
Defendant also contends that the court erred in failing to charge assault, third degree, as a lesser included offense, but we find the issue to be without merit.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.