■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (McBrien, J.), rendered November 21, 1985, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statement to law enforcement authorities.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues, *inter alia,* that he was illegally arrested in his home without a warrant and

that the fruits of that illegal arrest, i.e., a pretrial identification of the defendant by the complainant, and an inculpatory statement by the defendant, should have been suppressed.

In denying the defendant's motion to suppress, Criminal Term found, as the trier of the facts, that (1) the police officers were let into the defendant's home by the defendant's mother who also lived there, and (2) the defendant voluntarily consented to participate in a lineup at the precinct, and was therefore not under arrest at that point. The record clearly supports these findings and, under those circumstances, Criminal Term's determination was proper (*People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703; *People v Baird,* 111 AD2d 1044, *lv denied* 66 NY2d 761; *People v Davis,* 120 AD2d 606, *lv denied* 68 NY2d 769).

We have reviewed defendant's remaining argument, i.e., that the sentence of 4 to 8 years' imprisonment imposed upon him as a second violent felony offender was excessive, and find it to be without merit (Penal Law § 70.02 [1] [b]; § 70.04 [3] [b]; [4]; *People v Vasquez,* 104 AD2d 1012). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.