OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by remitting the case to Supreme Court, Bronx County, for a determination whether defendant’s consent to search his apartment was sufficiently an act of free will to purge the primary taint of the illegal arrest.
On this appeal, the People concede that defendant was illegally arrested (Payton v New York, 445 US 573). Defendant does not challenge the determination of the suppression court that his postarrest consent to search his apartment was voluntary (People v Gonzalez, 39 NY2d 122; see, Schneckloth v *1033 Bustamonte, 412 US 218). Defendant does claim that the consent, albeit voluntary, was not acquired by means sufficiently distinguishable from the illegal arrest to be purged of the illegality.
When a defendant challenges the admission of evidence obtained by a consensual search, claiming the consent was the product of an illegal arrest, the burden rests on the People to demonstrate that the consent was "acquired by means sufficiently distinguishable from the arrest to be purged of the illegality” (People v Conyers, 68 NY2d 982, 983; Brown v Illinois, 422 US 590, 603-604). Although the voluntariness of the consent is an important factor in the court’s determination of attenuation, it is not dispositive (People v Henley, 53 NY2d 403, 407). Rather, consideration must be given to a variety of factors, including but not limited to the temporal proximity of the consent to the arrest, the presence or absence of intervening circumstances, whether the police purpose underlying the illegality was to obtain the consent or the fruits of the search, whether the consent was volunteered or requested, whether the defendant was aware he could decline to consent, and particularly, the purpose and flagrancy of the official misconduct (cf., People v Conyers, supra; Brown v Illinois, supra; see, 3 LaFave, Search and Seizure § 8.2 [d], at 193-194 [2d ed]). Of course, the relevant factors will vary from case to case and each case must be individually considered on the particular facts and circumstances presented and the determination made with due regard for the purposes sought to be served by the exclusionary rule (see, People v Newton, 69 NY2d 313; Wong Sun v United States, 371 US 471).
Here, although defendant argued that his consent was the direct result of the illegal arrest, the suppression court’s determination was based solely on the threshold issue of voluntariness and it did not indicate specifically that it determined the issue of attenuation after consideration of the above-listed factors. While questions of attenuation generally present mixed questions of law and fact (People v Conyers, supra), where, as here, the lower courts have applied an incorrect legal standard, an issue of law reviewable by this court is presented (People v Morales, 65 NY2d 997, 998).
The matter should therefore be remitted to Supreme Court so that the defendant’s motion can be decided in accordance with these principles. In the event the suppression court finds that the consent was sufficiently an act of free will to purge the primary taint of the illegal arrest, the judgment should be *1034 amended to reflect that determination. If the suppression court finds to the contrary, the defendant’s motion to suppress should be granted, the judgment of conviction should be vacated, and the matter remitted for further proceedings on the indictment.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order modified and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.