■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BORDEN, JR., Also Known as MICHAEL BORDEN, JR., Appellant.—Appeal by the defendant from two judgments of the County Court, Orange County (Hickman, J.), both rendered November 5, 1980, convicting him of robbery in the first degree (two counts), robbery in the second degree (three counts), robbery in the third degree, and attempted robbery in the third degree under indictment No. 66/79, and robbery in the third degree and petit larceny under indictment No. 111/79, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial (Ingrassia, J.), (1) after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements, and (2) without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

The defendant did not raise the specific issue of the legality of his arrest as a basis for the exclusion of his confessions within the context of his omnibus motion or at any time prior to judgment. Thus, the defendant failed to preserve that issue for appellate review (see, People v Martin, 65 AD2d 678, affd 50 NY2d 1029; People v Williams, 118 AD2d 610, lv denied 67 NY2d 1058). Nor does the interest of justice compel a reversal on the record before us, which discloses that the warrantless arrest of the defendant was proper since both the defendant and the person in whose name the apartment was leased knowingly and voluntarily consented to the arresting officers' entry into the apartment (see, Payton v New York, 445 US 573, 577; People v Jones, 130 AD2d 511; People v Hixon, 130 AD2d 508, lv denied 70 NY2d 648).

In addition, that branch of the defendant's omnibus motion which was to suppress tangible evidence was properly denied, without a hearing, but with leave to renew, since the motion papers failed to set forth any factual allegations supporting the legal basis for suppression as required by CPL 710.60 (1) or (3) (a) (see, People v Stevens, 129 AD2d 749). Furthermore, the defendant waived any objection to the introduction of the evidence seized from the apartment when the defense counsel indicated, in response to the hearing court's inquiry, that he was not renewing this application (see, People v Bertolo, 65 NY2d 111). The defendant also failed to state the legal and factual basis for the objection he made at the time the items were being admitted into evidence at the trial, confirming his waiver of his right to a judicial determination of whether the consent to search the apartment was voluntary (CPL 710.70 [3]; see, People v Minori, 51 NY2d 930). Furthermore, the uncontroverted testimony clearly indicates that the evidence was seized as a result of a consensual search.

Finally, since the defendant failed to raise an objection to the court's expressed intention not to marshal the evidence, the alleged error has not been preserved for appellate review as a matter of law (see, People v Patterson, 121 AD2d 406, lv denied 68 NY2d 759). In any event, any error in this respect was harmless since the jury obviously scrutinized the evidence closely as indicated by its finding the defendant not guilty on three counts. Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.