■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY YOUNG, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Richmond County (Felig, J.), rendered June 22, 1987, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree under indictment No. 233/86, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered June 22, 1987, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree under indictment No. 298/82.

Ordered that the judgment and the amended judgment are affirmed.

The defendant was sentenced under indictment No. 233/86 to an indeterminate term of imprisonment of 5 to 10 years in connection with his conviction of criminal sale of a controlled substance in the third degree. The defendant was also sentenced under that indictment to one year in prison for the crime of criminal possession of a controlled substance in the seventh degree, to run concurrently with the sentence of 5 to 10 years. These crimes also constituted violations of the conditions of a term of probation which had been imposed upon the defendant's conviction of the crime of burglary in the third degree under indictment No. 298/82. Consequently, the defendant was resentenced under that indictment to a consecutive indeterminate term of imprisonment of 1 to 3 years. The sentences imposed by the court were clearly within statutory limits (see, Penal Law §§ 140.20, 220.39, 220.03, 70.06 [3] [b]; [4] [b]; § 70.00 [2] [d]; [3] [b]; § 70.15 [1] [b]) and were not harsh or excessive.

We have examined the defendant's remaining contentions, including those contained in his letter, which we have treated as a supplemental pro se brief, and find them to be without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.