**56** THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID CRADLE, Respondent.—Appeal by the People from an order of the County Court, Nassau County (Thorp, J.), dated February 27, 1989, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements made by him to the police.

Ordered that the order is affirmed.

Two armed robberies were committed by two young males at the night depository of the European-American Bank in East Garden City. Thereafter, the Nassau County Police Department began surveillance of that location.

On the evening of February 18, 1988, the surveillance officers observed a 1983 Malibu automobile slowly drive around and then stop in the vicinity of the depository area. The vehicle was occupied by two young men subsequently identified as the defendant and the codefendant. The defendant and his codefendant looked around while seated in the vehicle. Upon exiting the car, one of the men took an object from the trunk and placed it under his coat and then reentered the car.

Subsequently, the defendant and codefendant were observed making several approaches toward and retreats from the night depository area. On their fourth attempt, the defendants ran toward the night depository but ducked down into nearby bushes when a car approached. Thereafter, they tried to drive away but were stopped and arrested.

We find that the police were not authorized to arrest the defendant because the evidence failed to establish that there was probable cause to believe that the defendant had committed a crime.

A review of the record shows that the police merely observed the defendant and his codefendant drive slowly around

the vicinity of the night depository area, exit and retreat to their car on four occasions, and duck down into nearby bushes. Such conduct did not constitute an overt act which went beyond the state of mere preparation for the commission of a crime *(see, People v Bracey,* 41 NY2d 296, 300; *People v Pollaci,* 68 AD2d 71).

Since the arrest of the defendant was unlawful, the ski mask recovered from his person in a search incident to his arrest was properly suppressed. The defendant's subsequent statements to police were made in close temporal proximity to his unlawful arrest. As there were no intervening circumstances which would have dissipated the taint *(see, People v Martinez,* 37 NY2d 662; *cf., People v Conyers,* 68 NY2d 982, 983), his statements were also properly subject to suppression. Mangano, P. J., Thompson, Kunzeman and Rubin, JJ., concur.