■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS O'BRIEN, Appellant.—Appeals by the defendant from two judgments of the County Court, Suffolk County (Mallon, J.), both rendered May 9, 1989, convicting him of robbery in the first degree (two counts; one count as to each indictment),

upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his inculpatory statements and identification testimony.

Ordered that the judgments are affirmed.

The police had probable cause to arrest defendant; however, it is also clear that in doing so a *Payton* violation occurred *(see, Payton v New York,* 445 US 573). Nonetheless, the defendant's contention that his subsequent inculpatory statements and lineup identifications must be suppressed is without merit.

Prior to making his inculpatory statements, the defendant was informed that his partner in the charged robberies implicated him and that a number of his victims had identified him in a photographic array. Under these circumstances, we are persuaded that there was sufficient attenuation between the illegal arrest and the inculpatary statements, and that those statements were not the product of the illegal arrest *(see, Rawlings v Kentucky,* 448 US 98, 107-110; *Brown v Illinois,* 422 US 590, 603-604; *People v Harris,* 77 NY2d 434, 439; *People v Conyers,* 68 NY2d 982, 983; *People v Johnson,* 66 NY2d 398, 407; *People v Leandry,* 130 AD2d 351, 352; *People v Davis,* 120 AD2d 606; *see also, People v Allah,* 140 AD2d 613, *cert denied* 490 US 1026; *People v Jones,* 130 AD2d 511; *People v Calcaterra,* 127 AD2d 778). Similarly, the lineup identifications were sufficiently attenuated.

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.