■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered March 14, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that exigent circumstances justifying his warrantless arrest while he was sleeping in the apartment of an acquaintance were not present because the People failed to demonstrate that there was a substantial likelihood that he might flee. We disagree. Evidence of flight is only one of the factors to be considered in determining whether a warrantless arrest is justified *(see, People v Levine,* 174 AD2d 757; *People v Cartier,* 149 AD2d 524, *cert denied* 495 US 906; *People v Green,* 103 AD2d 362, 364). Given the totality of the circumstances presented here, we conclude that the warrantless entry into the premises where the defendant was arrested was proper.

Even if we were to conclude that the arrest of the defendant was unlawful, certain statements made by him would still have been admissible at the trial because they were suffi-

ciently attenuated from the arrest to have been purged of any taint *(see, People v Conyers,* 68 NY2d 982; *People v Rogers,* 52 NY2d 527, *cert denied* 454 US 898). These statements were made by the defendant over 8 hours after his arrest and after he had been advised of his *Miranda* warnings at least twice *(see, People v Jones,* 151 AD2d 695; *People v Conyers, supra).*

The defendant also contends that he was deprived of a fair trial by the remarks made by the prosecutor during his summation. While the prosecutor's sympathetic portrayal of the victim and several of his other remarks would have been better left unsaid, to some extent they could be considered a fair response to the remarks made by defense counsel during his summation *(see, People v Lewis,* 140 AD2d 714; *People v Arce,* 42 NY2d 179, 190-191) or were inferences which could be properly drawn from the facts in evidence *(see, People v Koleskor,* 131 AD2d 879; *People v Bailey,* 58 NY2d 272). Certainly, the remarks did not deprive the defendant of a fair trial.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05) or without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.