■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER GETHERS, Appellant. [622 NYS2d 328] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered April 16, 1992, convicting him of robbery in the first degree and robbery in the third degree under Indictment No. 4645/91, upon a jury verdict, and (2) an amended judgment of the same court, also rendered April 16, 1992, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal sale of a controlled substance in the fifth degree under Indictment No. QN11416/90.

Ordered that the judgment under Indictment No. 4645/91 is modified, on the law, by reversing the conviction for robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed; and it is further,

Ordered that the amended judgment under Indictment No. QN11416/90 is affirmed.

The defendant, who simulated that he had a gun in his pocket when he demanded the complainant's bag, was charged with robbery in the first degree and robbery in the third degree under Indictment No. 4645/91. As the People concede, and we agree, the conviction of robbery in the third degree is a lesser-included offense of robbery in the first degree *(see,* Penal Law §§ 160.05, 160.15). The conviction of robbery in the third degree is therefore reversed and that count of the indictment is dismissed *(see,* CPL 300.40 [3] [b]; *People v Florentino,* 196 AD2d 881).

Although the defendant concedes that his notice of alibi defense was untimely, he claims that the court should have allowed him to present the alibi defense. We disagree. The defendant did not proffer any explanation for his failure to inform the People in advance of trial of his intention to present his mother as an alibi witness when the witness was easily identifiable and readily accessible and when he had

several opportunities to do so *(see, People v Corpas,* 150 AD2d 710, 712-713).

We also do not find the sentences unduly harsh given the defendant's violation of probation and his criminal record *(see, People v Suitte,* 90 AD2d 80, 86; *People v Mitchell,* 201 AD2d 507; *People v Young,* 157 AD2d 812).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.