◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE MIDGETTE, Appellant. [662 NYS2d 479] —Judgment, Supreme Court, New York County (Herbert Altman, J., on CPL 30.30 motion; Charles Tejada, J., at jury trial and sentence), rendered March 9, 1994, convicting defendant of attempted murder in the first degree, attempted murder in the second degree, attempted aggravated assault upon a police officer, assault in the first degree, attempted robbery in the first degree (2 counts), criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 15 years to life and 4 to 12 years on the attempted murder in the first degree and attempted aggravated assault upon a police officer convictions, respectively, and 5 to 15 years on the remaining convictions, unanimously affirmed.

A review of the record indicates that defendant's trial counsel made a proper strategic decision in not requesting a jury charge regarding justification, because such defense was unsupported by the evidence and would have posed the risk of undermining the defense of lack of intent. Defendant's contention that the trial court was obligated to instruct the jury regarding justification, *sua sponte*, is without merit.

When a sitting juror reported by telephone, on the second day of his absence, that he was still suffering from the effects of a stomach virus and did not know when he would be able to return to jury service, the trial court appropriately exercised its discretion in discharging the sitting juror and replacing him with an alternate juror, on the ground that the sitting juror was unavailable to continue jury service (*People v Rivera*, 157

AD2d 599, *lv denied* 75 NY2d 969). Further, in light of the court's acknowledgment of various problems that had already affected the orderly conduct of the trial, as well as an upcoming holiday and weekend, the court properly rejected defendant's claim that his request for a further adjournment to permit the juror in question to remain on the jury would have had no significant effect on the proceedings, since the further adjournment requested would have resulted in a four day break in the proceedings (*see, People v Robustelli*, 189 AD2d 668, 669-670, *lv denied* 81 NY2d 975).

We reject defendant's claim that his CPL 30.30 motion was erroneously denied. A review of the record and arguments before the motion court indicates that a total of only 141 days, well below the statutory limit, was properly chargeable to the People. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Colabella, JJ.