■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP RAJNAUTH, Appellant. [676 NYS2d 632] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered June 24, 1996, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement personnel.

Ordered that the judgment is affirmed. ·

There is no merit to the defendant's claim that the police lacked probable cause to arrest him. The defendant was identified by an informant, who knew him, as the person who had fired some five rounds from an automatic weapon into a group of people standing in the street, wounding one of them. This informant telephoned the police at least twice and, shortly after the defendant had been arrested, was interviewed by the officer who testified for the People at the suppression hearing. Therefore, the informant was not a presumptively unreliable "anonymous tipster," as the defendant suggests, but rather a frightened eyewitness who disclosed her identity only to the police. It is readily inferable from the suppression hearing evidence that this neighbor's information adequately satisfied the requirements of the *Aguilar-Spinelli* test. The evidence established that the informant was a reliable citizen whose identity was known to the police, and the basis of her knowledge was first-hand observation (*see, People v Parris,* 83 NY2d 342, 346; *People v Hetrick,* 80 NY2d 344, 348-349; *see also, People v Petralia,* 62 NY2d 47, 52, *cert denied* 469 US 852).

We also find that the People adequately established that there were exigent circumstances justifying the police officers' warrantless entry into the defendant's apartment. Among other things, the police had information that the defendant was in fact the shooter, that he was inside the apartment, that he was armed with a machine gun, and that there was a baby in the

apartment with him (*see, e.g., People v Cruz,* 149 AD2d 151, 160; *see also, People v Green,* 182 AD2d 704).

The defendant's remaining contention is without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.