■ The People of the State of New York, Respondent, v Cathy Watkins, Appellant. [733 NYS2d 70] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered October 24, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing her to a term of 25 years to life, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The record supports the court's finding, based on the totality of factors as set forth in *People v Borges* (69 NY2d 1031), that defendant's consent to be photographed by a detective was not the product of a prior unlawful detention (*see also, People v Conyers*, 68 NY2d 982). Upon our review of the totality of the record, as expanded, we conclude that defendant's claim based on *Payton v New York* (445 US 573) was either expressly waived or abandoned, and is in any event without merit. The record also supports the court's denial of suppression of a voice identification by a cab company dispatcher who recognized defendant's voice as that of a very frequent customer. The detective's testimony at the hearing established that the dispatcher was sufficiently familiar with defendant's voice so that the voice identification was confirmatory and carried no risk of suggestiveness by law enforcement personnel (*see, People v Collins*, 60 NY2d 214, 218).

The court properly exercised its discretion in denying defendant's mistrial motion made when the prosecutor inadvertently elicited defendant's pretrial incarceration, since the court's curative actions were sufficient to prevent any prejudice (*see, People v Santiago*, 52 NY2d 865). Defendant's various other claims of prosecutorial error are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant opened the door to the challenged testimony.

The trial court properly granted the People's request for a missing witness charge with respect to defendant's failure to call her boyfriend as a witness to substantiate the alibi claim to which she testified. All the requirements for a missing witness charge were met, and the record does not support defendant's argument that such a charge should have been denied on the ground that the boyfriend was purportedly an uncharged accomplice (*see, People v Macana*, 84 NY2d 173).

The court properly exercised its discretion in precluding defendant from introducing an audiotape as cumulative to other evidence (*see, People v Aska*, 91 NY2d 979). Preclusion of the tape could not have caused any prejudice and did not deprive defendant of a fair trial or the right to present a defense.

Based on our in camera inspection of documents provided to this Court pursuant to the stipulation of the parties, we find no basis for reversal under *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866).

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Williams, Ellerin, Buckley and Marlow, JJ.