■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY COOKE, Appellant. [750 NYS2d 103] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered December 12, 1996, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his stenographically-recorded statement.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court erred in its *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371) is unpreserved for appellate review. The defendant failed to object to the ruling, which merely allowed the prosecutor to ask,

without any inquiry into the conviction or violent nature of the crime, whether on November 22, 1994, he attempted to take property from an individual (*see People v Dixon,* 172 AD2d 768; *People v Boseman,* 161 AD2d 601). In any event, the County Court providently exercised its discretion in so ruling (*see People v Polk,* 284 AD2d 416).

Contrary to the defendant's contention, the County Court properly denied that branch of his motion which was to suppress his stenographically-recorded statement. We agree with the County Court's determination that any taint caused by the illegal arrest was fully dissipated before the defendant made that statement more than three hours after the illegal arrest (*see People v Conyers,* 68 NY2d 982). We further note that, before giving this statement, the defendant was advised of his *Miranda* rights at least twice (*see Miranda v Arizona,* 384 US 436) and was informed that his codefendant made a statement implicating him (*see People v Williams,* 141 AD2d 786; *People v O'Brien,* 178 AD2d 617).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.