■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMESH MAHARAJ, Also Known as GANESH S. MOONESAR, Appellant. [764 NYS2d 836] —Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered May 23, 2001, convicting him of robbery in the first degree (six counts), robbery in the second degree (two counts), and robbery in the third degree (six counts), upon a jury verdict, and sentencing him to consecutive determinate terms of 20 years' imprisonment on each of the convictions of robbery in the first degree, determinate terms of 15 years' imprisonment on each of the convictions of robbery in the second degree, and determinate terms of $2^{1}/_3$ to 7 years' imprisonment on each of the convictions of robbery in the third degree, with the sentences for the convictions of robbery in the second degree and robbery in the third degree to run concurrently with each other and with the sentences imposed for the convictions for robbery in the first degree. The appeal brings up for review the denial, after a hearing (Ort, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) vacating the convictions of robbery in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) providing that all the remaining terms of imprisonment imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant was convicted of the robberies of various gas stations. Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials. The defendant made the statements approximately seven hours after he was arrested, after he had been advised of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), and after he had been confronted with still-frame photos of a video taken by a gas station security camera during one of the robberies. Accordingly, any taint which may have been caused

by an illegal arrest had fully dissipated before the defendant made the challenged statements (*see People v Rogers,* 52 NY2d 527, 532-533 [1981], *cert denied* 454 US 898 [1981]; *People v Cooke,* 299 AD2d 419 [2002]; *People v O'Brien,* 178 AD2d 617, 618 [1991]; *People v Davis,* 120 AD2d 606 [1986]).

As the People correctly concede, the defendant's convictions of robbery in the third degree are lesser-included offenses of his convictions of robbery in the first degree (*see* Penal Law §§ 160.05, 160.15). Therefore, the defendant's convictions of robbery in the third degree, and the sentences imposed thereon, must be vacated and those counts of the indictment dismissed (*see People v Richmond,* 288 AD2d 241, 242 [2001]; *People v Gethers,* 212 AD2d 544 [1995]).

Although the defendant committed six distinct crimes, we find that under the circumstances of this case, the sentences imposed should run concurrently (*see People v Cintron,* 122 AD2d 221 [1986]).

The defendant's remaining contention is without merit. Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.