◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN SCOTT, Appellant. [774 NYS2d 349]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered January 16, 2002, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Knipel, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the facts gleaned from the hearing record as a whole are sufficient to support a finding that the defendant was an overnight guest in the apartment where he was arrested, and that he had standing to challenge the legality of the police entry into the premises (*see Minnesota v Olson*, 495 US 91 [1990]; *People v Murray*, 169 AD2d 843 [1991]). The defendant's warrantless arrest inside the apartment was justified under the exigent circumstances exception to the *Payton* rule (*see Payton v New York*, 445 US 573 [1980]). The police had probable cause to believe that the defendant was the individual who shot and wounded two men in separate incidents in Brooklyn the night before his arrest. The police also had information indicating that the defendant fled from Brooklyn to an apartment in Staten Island where his mother resided, and that he was inside the Staten Island apartment when they arrived. Under these circumstances, the branch of the defendant's omnibus motion which was to suppress the physical evidence recovered incident to his arrest was properly denied (*see People v Arriaga*, 309 AD2d 544 [2003]; *People v Mason*, 248 AD2d 751, 753-755 [1998]; *People v Jackson*, 203 AD2d 956 [1994]; *People v Perez*, 185 AD2d 330 [1992]).

In light of this determination, we need not reach the parties' remaining contentions. Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.