■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON GIRDLER, Appellant. [857 NYS2d 624]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Quinn, J.), rendered October 20, 2006, convicting him of robbery in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (LaPera, J.), pursuant to stipulation in lieu of motions, of the suppression of the defendant's statements to law enforcement officials after he was arrested in his home without a warrant.

Ordered that the judgment is affirmed.

The People met their burden of establishing that the police officers' initial warrantless entry into the upper level of the defendant's home was made with consent (*see People v Adams*, 53 NY2d 1, 8 [1981], *cert denied* 454 US 854 [1981]; *People v Perea*, 182 AD2d 718, 719 [1992]), and that their subsequent entry into the lower level of the home, where the defendant was found, was justified by exigent circumstances (*see People v Scott*, 6 AD3d 465, 466 [2004]; *People v Cartier*, 149 AD2d 524, 525 [1989], *cert denied* 495 US 906 [1990]; *People v Green*, 103 AD2d 362, 364 [1984]). In any event, since the defendant's statements were sufficiently attenuated from his arrest (*see People v Con-*

*yers*, 68 NY2d 982 [1986]), suppression of the statements was properly denied (*see People v Maharaj*, 308 AD2d 551, 552 [2003]; *People v Cooke*, 299 AD2d 419, 420 [2002]).

The defendant contends that the trial court erred in allowing the People to present evidence of his involvement in an uncharged crime without weighing the probative value of such evidence against its prejudicial effect. Contrary to the defendant's contention, this evidence was properly admitted (*see People v Ingram*, 71 NY2d 474, 479-481 [1988]; *People v Woodson*, 31 AD3d 678, 679 [2006]; *People v James*, 19 AD3d 616, 617 [2005]; *People v Maxwell*, 299 AD2d 370 [2002]).

Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Finally, contrary to the defendant's contention, the sentence imposed on the conviction of robbery in the second degree was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.