■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA R. BRADFORD, Appellant. [877 NYS2d 586]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered April 7, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the third degree (four counts) and endangering the welfare of a child (six counts).

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the orders of protection and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, four counts of rape in the third degree (Penal Law § 130.25 [2]), defendant contends that County Court erred in refusing to suppress statements that he made to the police as the fruit of an illegal arrest. We agree with defendant that he was arrested without probable cause (see generally People v Carrasquillo, 54 NY2d 248, 254 [1981]; People v Nicodemus, 247 AD2d 833, 835-836 [1998], lv denied 92 NY2d 858 [1998]), and thus that his arrest was illegal. Nevertheless, we conclude on the record before us that defendant's statements "were sufficiently attenuated from the illegal arrest to be purged of the taint created by the illegality" (People v Russell, 269 AD2d 771, 772 [2000]). The inculpatory statements in question were not made until several hours after the arrest, during which time defendant twice waived his Miranda rights (see People v Conyers, 68 NY2d 982, 983-984 [1986]; People v Cooke, 299 AD2d 419, 420 [2002], lv denied 99 NY2d 627 [2003]). We note in addition that defendant was advised during that time period, before he made the statements, that the victims of the crimes had implicated him (see Cooke, 299 AD2d at 420). We conclude that "the actions of the police were not so egregious as to warrant suppression" (Russell, 269 AD2d at 772).

Defendant further contends that reversal is required because he may have been convicted of an unindicted rape. We note at the outset that defendant's failure to preserve that contention for our review is of no moment. Preservation is not required inasmuch as "[t]he right of an accused to be tried and convicted

of only those crimes and upon only those theories charged in the indictment is fundamental and nonwaivable" (*People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]; *see People v Watkins*, 300 AD2d 1070, 1071 [2002], *lv denied* 99 NY2d 659 [2003]). Nevertheless, we reject that contention. Although the rape victim testified with respect to more than four incidents involving defendant that may constitute the crime of rape in the third degree, the court's "charge to the jury eliminated any 'danger that the jury convicted defendant of an unindicted act' " (*People v Gerstner*, 270 AD2d 837, 838 [2000]; *see People v Caballero*, 23 AD3d 1031, 1032 [2005], *lv denied* 6 NY3d 846 [2006]; *cf. People v McNab*, 167 AD2d 858 [1990]). Although we agree with defendant that the court erred in refusing to strike testimony concerning uncharged acts of rape in the third degree by defendant (*see generally People v Ventimiglia*, 52 NY2d 350, 359-360 [1981]), we conclude that the error is harmless (*see People v Schrader*, 251 AD2d 1032, 1033 [1998], *lv denied* 92 NY2d 882 [1998]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We further agree with defendant that the court erred in setting the durations of the orders of protection without taking into account the jail time credit to which he is entitled (*see People v Stone*, 49 AD3d 1314 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Fomby*, 42 AD3d 894, 896 [2007]). Although defendant raises that contention for the first time on appeal and thus has failed to preserve it for our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we nonetheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by amending the orders of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify in each order of protection an expiration date in accordance with CPL 530.13 (former [4]), the version of the statute in effect when the judgment was rendered on April 7, 2005. Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.