■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEED WATSON, Appellant. [886 NYS2d 808]—Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered October 29, 2007, convicting him of burglary in the first degree (6 counts), robbery in the first degree (3 counts), attempted robbery in the first degree (12 counts), robbery in the second degree, attempted robbery in the second degree (4 counts), assault in the first degree (2 counts), assault in the second degree, assault in the third degree, criminal possession of a weapon in the second degree (2 counts), and criminal use of a firearm (2 counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his claim that his warrantless arrest, which was made in his bedroom, was illegal (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, the People met their burden of establishing that the police officers' warrantless entry into the defendant's bedroom was justified by exigent circumstances (*see People v Scott,* 6 AD3d 465, 466 [2004]; *People v Cartier,* 149 AD2d 524, 525 [1989], *cert denied* 495 US 906 [1990]; *People v Green,* 103 AD2d 362, 364 [1984]). Even if the arrest were somehow tainted, the defendant's statements to law enforcement officials were sufficiently attenuated from his arrest (*see People v Conyers,* 68 NY2d 982 [1986]) and, thus, suppression of the

statements was properly denied (*see People v Maharaj,* 308 AD2d 551, 552 [2003]; *People v Cooke,* 299 AD2d 419, 420 [2002]).

The defendant's remaining contentions are without merit. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.