# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

421

KA 10-00473

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAMES H. TATE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (J. MICHAEL MARION OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered March 26, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]). We agree with defendant that County Court erred in calculating the duration of the order of protection issued against defendant without taking into account the jail time credit to which he is entitled (*see People v Bradford*, 61 AD3d 1419, 1421, *affd* 15 NY3d 329). Although defendant raises that contention for the first time on appeal and has thus failed to preserve it for our review, we nonetheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date in accordance with CPL 530.13 (*see Bradford*, 61 AD3d at 1421). Furthermore, as the People correctly concede, defendant's waiver of the right to appeal was invalid because County Court conflated the waiver of the right to appeal with the rights forfeited by defendant based on his guilty plea (*see generally People v Lopez*, 6 NY3d 248, 256-257; *People v Abrams*, 75 AD3d 927, *lv denied* 15 NY3d 918). The invalidity of defendant's waiver of the right to appeal, however, does not impact his final contention on appeal, i.e., that the order of protection is unduly harsh and severe, inasmuch as an

order of protection is not a part of the sentence (*see People v Nieves*, 2 NY3d 310, 315-317; *People v Tidd* [appeal No. 2], 81 AD3d 1405), the review of which would be encompassed by the waiver of the right to appeal (*see Lopez*, 6 NY3d at 255).  Nevertheless, we reject defendant's contention with respect to the severity of the order of protection, taking into account the fact that the length of the order of protection will be modified upon remittal.

Entered:  April 1, 2011                     Patricia L. Morgan
                                            Clerk of the Court