THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS GUEVARA-CARRERO, Appellant. [938 NYS2d 185]—

The defendant contends that his statement to law enforcement officials should have been suppressed as the fruit of an illegal arrest (*see Wong Sun v United States*, 371 US 471, 488 [1963]). The evidence adduced at the pretrial suppression hearing did not establish that the defendant had committed disorderly conduct, where it merely showed that, at the time of his arrest, the defendant was standing with a group of men in front of a bodega at 12:30 A.M. There was no evidence presented that any other members of the public were present at the time of the defendant's arrest after all of the members of the group except the defendant had dispersed in response to a police directive. Thus, the evidence did not establish the necessary element that the defendant's conduct evinced "the intent to or recklessly created a risk of causing 'public inconvenience, annoyance or alarm' " (*People v Jones*, 9 NY3d 259, 262 [2007], quoting Penal Law § 240.20 [5]; *see People v Delhall*, 131 AD2d 870 [1987]). Nonetheless, despite the defendant's contentions to the contrary, his arrest was neither a sham nor pretextual, since the

arresting officer had already arrested the defendant for disorderly conduct by the time he learned that the defendant may have been involved with a homicide (*see People v Nix*, 78 AD3d 1698, 1699 [2010], *cert denied* 565 US —, 132 S Ct 157 [2011]; *People v Reynolds*, 240 AD2d 517, 518 [1997]; *compare People v Malloy*, 22 NY2d 559, 565 [1968]). Moreover, the complaint made by an identified passerby upon the defendant's arrest that the defendant had attempted to rob him gave the arresting officer probable cause to take the defendant into custody for the robbery charge (*see Rivera v County of Nassau*, 83 AD3d 1032, 1033 [2011]).

In any event, any taint arising from an illegal arrest of the defendant for disorderly conduct would not have infected his subsequent videotaped confession to the homicide detectives. Any such taint would have been fully dissipated before the defendant made his confession, since the defendant did not speak to any homicide detectives until approximately 3½ hours after his arrest, and did not begin his videotaped confession until approximately 6½ hours after his arrest (*see People v Bradford*, 15 NY3d 329, 333-334 [2010]; *People v Conyers*, 68 NY2d 982, 983-984 [1986]; *People v Maharaj*, 308 AD2d 551, 552 [2003]; *People v Cooke*, 299 AD2d 419, 420 [2002]).

Contrary to the defendant's contention on appeal, he was not deprived of the effective assistance of trial counsel due to counsel's failure to pursue a cogent defense theory. Defense counsel chose to pursue only a defense of intoxication, and he was not ineffective for doing so, as a defense of justification was not supported by the record (*see People v Rhodes*, 281 AD2d 225, 226 [2001]; *People v Midgette*, 242 AD2d 492, 492 [1997]). Nor was the defendant otherwise deprived of the effective assistance of trial counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Stultz*, 2 NY3d 277 [2004]).

The defendant's claim that the Supreme Court's charge with respect to manslaughter in the first degree was in error because it failed to relate his claim of intoxication to that charge's intent element is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Smith*, 36 AD3d 633, 633 [2007]; *People v Masi*, 154 AD2d 623, 623 [1989]). In any event, any error in the court's initial charge in this regard was cured by the court's more detailed charge that specifically related intoxication to the intent element of manslaughter in the first degree in response to a note from the deliberating jury (*see People v Hewitt*, 258 AD2d 597, 598 [1999]).

The defendant's contention that he was deprived of a fair trial by certain summation comments made by the prosecutor

with respect to his claimed intoxication at the time of the offense is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Masaguilar*, 86 AD3d 619, 620 [2011], *lv denied* 17 NY3d 904 [2011]). In any event, the challenged remarks were either fair comment on the evidence adduced at trial or responsive to defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Gross*, 78 AD3d 1196, 1197 [2010]; *People v Masi*, 154 AD2d 623, 623 [1989]). Angiolillo, J.P., Dickerson, Austin and Cohen, JJ., concur.