People v Foxworth (2019 NY Slip Op 07790)





People v Foxworth


2019 NY Slip Op 07790


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-05043
 (Ind. No. 2945/12)

[*1]The People of the State of New York, respondent,
v
Nakwon Foxworth, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered May 21, 2015, convicting him of aggravated assault upon a police officer (two counts), attempted aggravated assault upon a police officer (three counts), criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree, and menacing in the second degree, upon a jury verdict, and sentencing him to indeterminate terms of imprisonment of twenty-five years to life on each of the two convictions of aggravated assault upon a police officer, each sentence to run consecutively; indeterminate terms of imprisonment of twenty years to life on each of the three convictions of attempted aggravated assault upon a police officer, each sentence to run consecutively; indeterminate terms of imprisonment of twenty years to life on each of the three convictions of criminal possession of a weapon in the second degree; an indeterminate term of imprisonment of twenty years to life on the conviction of criminal possession of a weapon in the third degree; and a determinate term of imprisonment of one year on the conviction of menacing in the second degree, with the sentences on the convictions of aggravated assault upon a police officer and attempted aggravated assault upon a police officer to run consecutively to each other, and the remaining sentences to run concurrently. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the indeterminate terms of imprisonment of twenty-five years to life imposed on the two convictions of aggravated assault upon a police officer shall run concurrently with each other, the indeterminate terms of imprisonment of twenty years to life imposed on the three convictions of attempted aggravated assault upon a police officer, together with the sentences imposed on the three convictions of criminal possession of a weapon in the second degree and the convictions of criminal possession of a weapon in the third degree and menacing in the second degree, shall all run concurrently with each other, and those sets of concurrent sentences shall run consecutively to each other, for a total term of imprisonment of forty-five years to life; as so modified, the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying the defendant's request to question prospective jurors as to their attitudes or knowledge of matters of law pertaining [*2]to self-defense (see People v Boulware, 29 NY2d 135, 141; People v Allen, 149 AD3d 764, 765; People v Rodriguez, 240 AD2d 683).
The defendant contends that the Supreme Court erred in disallowing his peremptory challenges to two prospective white jurors because he provided sufficient race-neutral explanations for challenging them (see Batson v Kentucky, 476 US 79; People v Kern, 75 NY2d 638). However, defense counsel's proffered explanations for challenging the two jurors "amounted, essentially, to no reason at all" (People v Erskine, 90 AD3d 674, 674). Thus, we agree with the court's determination that the proffered explanations were pretextual and with the court's disallowal of the defendant's peremptory challenges. Moreover, the court did not act improperly by, sua sponte, directing the defendant's counsel to provide race-neutral explanations for the peremptory challenges (see generally People v Payne, 88 NY2d 172, 184).
The defendant contends that the Supreme Court's instruction to the jury regarding the defense of justification was erroneous because the court included an instruction regarding the use of physical force to resist arrest. This contention is without merit. The justification charge, taken as a whole, correctly instructed the jury as to the defense of justification, and was a correct statement of the applicable law (see CPL 300.10[2]; People v Flores, 139 AD2d 525). The defendant also contends that the justification instruction was erroneous because the court did not instruct the jurors that, if they found the defendant not guilty of charges of attempted murder in the first degree based on the defense of justification, they were not to consider the lesser counts of aggravated assault upon a police officer and attempted aggravated assault upon a police officer. The defendant failed to preserve this contention for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]; People v Perez, 169 AD3d 720; cf. CPL 470.15[6][a]).
Contrary to the defendant's contention, raised in his pro se supplemental brief, the hearing court correctly denied those branches of his omnibus motion which were to suppress physical evidence. Exigent circumstances justified the conduct of the police in entering the defendant's home without a warrant (see People v Girdler, 50 AD3d 1157; People v Scott, 6 AD3d 465, 466). Moreover, the defendant improperly relies, in part, upon trial testimony in contending that the hearing court erred in denying suppression of physical evidence. "Trial testimony may not be considered in evaluating a suppression ruling on appeal" (People v Perez-Rodriguez, 166 AD3d 659, 659).
There is no merit to the defendant's contentions, raised in his pro se supplemental brief, that trial counsel provided him with ineffective assistance due to counsel's failure to move to reopen the suppression hearing and failure to request missing witness charges (see People v Caban, 5 NY3d 143, 152; People v Georgiou, 38 AD3d 155).
The sentence imposed is excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court